In the Matter of BENJAMIN BARONDESS, an Attorney, Respondent.

First Department, December 15, 1916.

Attorney at law censured.

Attorney at law, who was recently admitted to the bar and was inexperienced, censured for unprofessional conduct in writing to the creditors of a certain person requesting that they place their claims in his hands for collection with the false statement that he was handling the claims of most of the other creditors, it further appearing that, realizing the impropriety of the act, he immediately attempted to rectify the same by writing and notifying the creditors that the former letter had been written by mistake and that the debtor was solvent and worthy of further credit, the latter statement not being founded upon personal knowledge.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Hedges, Ely & Frankel,* attorneys [*Job E. Hedges* of counsel], for the respondent.

CLARKE, P. J.:

This matter is submitted upon the petition and answer and the minutes of the hearing held before the committee on grievances. The respondent was admitted to the bar in October, 1915, and is now twenty-five years of age. In the month of April, 1916, one Nathan Grushco employed the respondent to institute proceedings with a view to having his name

changed. In the course of his interviews with respondent Grushco told him that he had been a clerk employed by a certain druggist; that said druggist was indebted to him in the sum of seventy-five dollars for arrears of salary, and that he had received therefor on account a post-dated check for thirty-five dollars; that said druggist had sought to sell him his business, and Grushco had endeavored to obtain a purchaser therefor but was unable to do so, and that said druggist had stated a time during which Grushco could prepare himself to purchase said store or consider himself discharged. Said Grushco stated to respondent that said druggist was in business extremities; that he was being pressed by claimants, one of whom held past-due notes; that he was in failing circumstances and was expecting bankruptcy proceedings to be instituted against him. Grushco furnished the respondent with a list of the druggist's creditors. Respondent thereafter on Saturday, April 22, 1916, sent each of these creditors a letter under his firm name:

"DEAR SIR.— We understand that you are a creditor of (giving the druggist's name and address).

"We are handling the claims of most of the other creditors and we would therefore suggest that you place your interests in our hands. We can assure you that proper service will be given to you."

The respondent stated that when Grushco mentioned that he had a list of these creditors he said: " 'Would it be of any use to you ?' and I very foolishly said it would. * * * My sole purpose at that time was to obtain business." He said further that the statement in his letter that he was handling the claims of most of the other creditors was absolutely untrue; that he regarded it at the time as being a case of business puffing. He stated that immediately after the mailing of the letters to the creditors on the list furnished by Grushco, further reflection convinced him of the impropriety of the letter written both from a professional standpoint and the character of the information furnished. He was confirmed in that reflection as to the error of his judgment and immediately on arriving at his office on Monday, April 24, 1913, communicated by telephone with several of the creditors, talked with the repre-

First Department, December, 1916.          [Vol. 176.

sentative of one who called upon him, and in reply to letters received on Tuesday morning, April 25, 1916, addressed to the creditors to whom he had written, the following letter:

"GENTLEMEN.— Your favor of the 25th inst., regarding (naming the druggist) is at hand.  Replying thereto, we regret to inform you that our letter was written you by mistake.

"We are not handling any claims whatsoever against Mr. ———, nor do we represent him at all.   We wish to emphatically state, in justice to him, that we do not know of any fact which could impair his credit.

"As far as we are informed, Mr. ——— is promptly paying his bills and to all intents and purposes is a thoroughly honest man.   We do not think you will be harmed if you extend further credit to Mr. ———, and we would most strongly urge you to do so.

"Regretting the unfortunate error in this matter and the trouble we have put you to, we are
                              "Yours truly."

He testified that he had made no examination of the druggist's affairs prior to writing the first letter, but that he had believed Grushco's statements, and that he made no investigation prior to writing the second letter.   It is, therefore, conceded that in the effort to get business he wrote a letter to the creditors of a business man calculated to seriously injure if not destroy his credit and containing a false statement that he was handling the claims of most of the other creditors against him. Realizing the impropriety of his act and the serious results which might flow therefrom, and in a panic, he wrote another letter in the attempt to undo whatever wrong he might have committed, which contained other statements of purported facts which he did not know to be true.   In attempting to remove the imputation of the druggist's inability to meet his obligations and pay his bills, he gave him a complete bill of health and urged extension of further credit to him.   If the druggist had been in the financial straits reported to him, and which reports he said he believed, this letter might have caused serious loss to those placing faith in it.   Each of these letters was entirely unjustifiable from a moral, business or professional

standpoint, and the respondent does not attempt to justify them. Before the grievance committee he testified with the utmost frankness, admitting the facts and expressing his deep regret for what he had done.

His attitude before the grievance committee and before this court satisfies us that he realizes fully the impropriety of his action and has learned a lesson in regard to professional conduct and standards which he will never forget. While we cannot overlook this professional misconduct, yet taking into consideration his frank admissions and apparently sincere regret, his age, and the short time he has been at the bar, we are of the opinion that the ends of justice will be satisfied by the administration of the censure of this court.

LAUGHLIN, DOWLING, PAGE and DAVIS, JJ., concurred.

Respondent censured. Order to be settled on notice.